# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

DIANE JOHNSON

     **Plaintiff,**

                            **NO:**

**v.**

**CARERITE CENTERS, LLC. d/b/a**
**NASHVILLE CENTER FOR REHABILITATION**
**AND HEALING, LLC.**                **JURY DEMAND**

     **Defendant.**

## COMPLAINT

This case is about sexual harassment and retaliation. Plaintiff Diane Johnson ("Plaintiff" or "Ms. Johnson") states the following as her basis for relief against Defendant CareRite Centers, LLC. d/b/a Nashville Center for Rehabilitation and Healing, LLC ("Defendant" or "CareRite"):

### Parties

1. Plaintiff is a female former employee of Defendant. Ms. Johnson is a citizen and resident of Davidson County, Tennessee.

2. Defendant is a New Jersey Corporation with its principal place of business in Englewood Cliffs, New Jersey. Defendant maintains operations and does business in Davidson County as Nashville Center for Rehabilitation and Healing. Defendant may be served through its registered agent Corporate Creations Network at 205 Powell Place Brentwood, TN 37027.

**Jurisdiction and Venue**

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 1332. Venue is proper under 28 U.S.C. §1391. All facts giving rise to this case happened within this judicial jurisdiction.

4. This is an action for all available economic damages, compensatory damages, declaratory relief, equitable relief, and injunctive relief under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff has received her Notice of Right to Sue from the EEOC and files this lawsuit timely.

**Facts**

5. Ms. Johnson started working at CareRite around December 2017.

6. Ms. Johnson was employed in the housekeeping department. Ms. Johnson satisfactorily performed the duties of her job with no performance reprimands during her employment.

7. Around February 2018, Defendant hired Raymond Martinez as the Director of EVS (housekeeping).

8. Mr. Martinez was Plaintiff's direct report in his role.

9. Within a month or so of Mr. Martinez's hire, Plaintiff provided a written complaint detailing how Mr. Martinez would follow her around the facility, hide behind doors, and invasively watch her during her work-related duties to HR Representative La'Sheryl Hill ("Ms. Hill"). Plaintiff relayed to Ms. Hill that Mr. Martinez's actions made her feel uncomfortable. No investigation of Plaintiff's written complaint was performed by Defendant.

10. Around April 2018, Mr. Martinez physically invaded Plaintiff by aggressively rubbing his hand across her rear end in the kitchen area of the facility during a social event hosted by Defendant. Mr. Martinez did not apologize or say the physical invasion was accidental.

Plaintiff again contacted Ms. Hill and provided a written complaint alleging physical invasion and sexual harassment. No investigation of Plaintiff's complaint was performed by Defendant concerning this April 2018 act of harassment.

11. Plaintiff became aware of other employees whom Mr. Martinez sexual harassed shortly after the April 2018 harassment incident. Plaintiff was informed that another employee had filed a sexual harassment complaint regarding Mr. Martinez around the same time. This information increased Plaintiff's concerns that Defendant's workplace was a sexually hostile work environment for her and others.

12. Two to three weeks later, Mr. Martinez touched Plaintiff's breast while she took out the trash in the kitchen area. Plaintiff again provided a written complaint of sexual harassment and physical invasion to Ms. Hill concerning the conduct of Mr. Martinez. Again, no investigation was performed by Defendant in response to this report.

13. In late-May 2018, Plaintiff provided Defendant a written complaint detailing a confrontation between herself and Mr. Martinez. During the confrontation, Mr. Martinez demonstrated hostility towards Plaintiff and told her that if she didn't want to be at Defendant's workplace around him, she can "go home." In response to Plaintiff asking Mr. Martinez what the source of his anger was, he told her to "clock out and leave." Defendant placed Plaintiff on unpaid leave after she made the report on or about May 22, 2018.

14. On May 24, 2018, Ms. Hill called Plaintiff and told her that she was terminated. Defendant provided no grounds for termination on the call, and told Plaintiff that she would have to speak to Corporate if she had any issues regarding her termination.

15. Any now-claimed basis for Plaintiff's termination is false and a pretext for discrimination and retaliation.

16. The conduct of Defendant and its agents caused Plaintiff to suffer intolerable work conditions, intimidation, and hostility. Defendant failed to exercise effective or reasonable care to provide Plaintiff a workplace free from harassment, retaliation, intimidation, and other harms. Plaintiff was treated differently in her terms, conditions, and privileges and benefits of employment than similarly situated male employees, including Mr. Martinez. Defendant acted willfully and maliciously or with reckless indifference to Plaintiff's protected rights.

17. . Plaintiff has lost income and other privileges and benefit of employment; suffered embarrassment, humiliation, damage to her reputation, emotional distress, undue stress and anxiety, loss of enjoyment of life; and incurred attorneys' fees and expenses.

## Causes of Action

### *Discrimination and Sexual Harassment in Violation of Title VII*

18. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth in full herein.

19. The Plaintiff was discriminated against and harassed because of her sex in violation of the Title VII.

20. The Plaintiff was subjected to harassment on account of her sex and such harassment created a sexually hostile work environment.

21. The harassment was at the hands of Defendant's agent and was un-welcomed based on sex and was severe and pervasive so that it affected the terms and conditions of the Plaintiff's employment and Defendant is liable for such harassment.

22. Plaintiff did not appropriately handle the complaints of sexual harassment from the Plaintiff regarding this supervisory agent of Defendant.

23. Defendant acted with malice and/or reckless indifference toward the Plaintiff.

24. Defendant's conduct harmed and caused damage to Ms. Johnson.

25.  Defendant is liable for violations of the Title VII.

*Retaliation in Violation of the Title VII*

26. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

27. On multiple occasions, Plaintiff performed acts of opposition to sexual harassment that were protected from subsequent adverse action.

28. In response, Defendant exposed Plaintiff to additional acts of harassment and ultimately terminated her employment shortly after her harassment reports.

29. Defendant CareRite is liable for violations of Title VII's anti-retaliation provisions.

30. Defendant's retaliatory treatment of Ms. Johnson was intentional and demonstrates reckless indifference to her legally protected rights.

31. Defendant's conduct has harmed and caused damage to Ms. Johnson.

**Relief Requested**

Plaintiff respectfully requests:

1.  That process issue and be served upon Defendant, and that it be directed to answer this Complaint within the time period prescribed by the law;

2.  That this case be set for trial and that a jury be empaneled to hear and decide the merits and damages;

3.  Monetary award of damages for back pay, front pay, and all other available economic relief under Title VII.

4. That Ms. Johnson be awarded judgment and compensatory damages, including but not limited to back pay, front pay, and damages for embarrassment, humiliation, mental anguish and stress, and outrage;

5. That Ms. Johnson be awarded punitive damages in an amount to be determined at trial.

6. That Ms. Johnson be awarded attorneys' fees and expenses;

7. That Ms. Johnson be awarded pre-judgment interest;

8. That all costs be taxed against Defendants; and

9. That Ms. Johnson be awarded such other and further legal or equitable relief to which she may be entitled.

Respectfully Submitted,

/s Brian C. Winfrey
Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com